UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Atlanta Division

PAMELA EDWARDS,
On behalf of herself and on behalf of
all others similarly situated.

        Plaintiff,

        v.                              CIVIL ACTION NO.

HORIZON STAFFING, INC.,

        Defendant

SERVE:    Horizon Staffing, Inc.
             c/o Michael Emanuele, Agent
             650 Mount Zion Road, Suite D
             Jonesboro, GA 30236-1560

## CLASS COMPLAINT

COMES NOW the Plaintiff, **PAMELA EDWARDS**, (hereafter collectively the "Plaintiff") on behalf of herself and all similarly situated individuals, by counsel, and for her complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. *Defendant* routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

2.	While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

3.	***Defendant*** has willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

4.	***Defendant*** violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members based on undisclosed consumer report information, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report and without providing them a reasonable opportunity to respond to the information in the report and discuss it with ***Defendant***.

5.	Such practice has been found unlawful by nearly every court to consider such allegation. See e.g. *Williams v. Telespectrum,* Civ. No. 3:05cv853 (E.D.Va.2006) (Lauck) November 7, 2006 *adopted* by Judge R. Payne January 8, 2005 (An employer must provide a copy of the report "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report."); *Beverly v. Wal-Mart Stores, Inc.*, CIV.A. 3:07CV469, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) (Williams) ("'Simultaneous provision' of a consumer report with a notice of adverse action fails to satisfy the § 1681b(b)(3)(A) requirement.  Accordingly, the Court finds that a reasonable jury could find that defendant violated § 1681b(b)(3)(A) when it took adverse action before it provided plaintiff with a copy of his consumer report.").  See also *Reardon v. Closet Maid*, 2:08-cv-01730 (W.D. Pa.); *Singleton v. Dominos*, 8:11-cv-01823 (D. Md.); *Johnson v. ADP Screening & Selection Services, Inc.*, 768 F. Supp. 2d

979, 983 (D. Minn. 2011). It is also contrary to longstanding regulatory guidance from the Federal Trade Commission ("FTC").

6. Based on the foregoing violations, Plaintiff asserts FCRA claims against *Defendant* on behalf of herself and a class of *Defendant's* employees and prospective employees.

7. On behalf of herself and the Putative Classes, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## JURISDICTION

8. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. *Defendant* is located and resides in Jonesboro, Georgia, in this district and division.

## THE PARTIES

9. Individual and representative Plaintiff, Pamela Edwards ("Ms. Edwards or Plaintiff") is a "consumer" as protected and governed by the FCRA and is a member of the Putative Class defined below.

10. Upon information and belief, **HORIZON STAFFING, INC. ("*HORIZON*")** is based in and maintains its principal place of business in Jonesboro, Georgia. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

11. Third party Infopal, Inc. at all times relevant hereto, was operating as a "consumer reporting agency" governed by the FCRA.

## FACTS

**Allegations Relating to Plaintiff Edwards**

12. In September 2011, Ms. Edwards applied for a job with *Defendant*. At that time Ms. Edwards was given a drug screen, badge, documentation and instructions to present to DHL Mailing Service when she reported for work on a certain date.

13. Ms. Edwards may have authorized a background report.

14. At some time thereafter, and within two years of the date of the filing of this action, Horizon Staffing ordered a background report on Edwards from Infopal, Inc.

15. Edwards never received a copy of the report at the time it was furnished from either the *Defendant* or Infopal, Inc.

16. Based on the results of the background report, a Representative of Horizon Staffing called Ms. Edwards the morning she was to report to DHL and advised that it could not now hire her based on the results of her criminal record. Ms. Edwards immediately advised the Representative that she did not have a criminal record. The Representative advised Ms. Edwards that she could come in to pick up a copy of the criminal report if she didn't believe her.

17. Ms. Edwards thereafter learned that the background report contained numerous criminal convictions for another individual, a stranger, who apparently resided in a different state and had a different identity.

18. After her "termination" and within two years of the filing of this action, Ms. Edwards learned that *Defendant* had requested and received her consumer report from Infopal, Inc. on September 9, 2011 for *Defendant's* use in determining the Ms. Edwards' eligibility for employment.

4

19. The consumer report furnished by Infopal, Inc. was grossly inaccurate. It contained multiple criminal records, including misdemeanor and felony convictions in Florida, all of which belonged to a total stranger of apparently similar name, but clearly different appearance and identifiers.

20. *Defendant* failed to provide Ms. Edwards with a copy of the consumer report or current written summary of her rights under the FCRA before or even at the time it informed her that it had withdrawn her offer of employment

### Allegations Regarding Defendant's Business Practices

21. Upon information and belief, Plaintiff alleges that *Defendant* routinely conducts background checks on all of its job applicants as part of a standard screening process. In addition, *Defendant* also conducts background checks on existing employees from time-to-time during the course of their employment.

22. *Defendant* does not perform these background checks in-house. Rather, *Defendant* obtains and uses "consumer reports" purchased from Infopal, Inc., a consumer reporting agency ("CRA").

23. The FCRA provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates ... a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

24. Upon information and belief, Plaintiff alleges that *Defendant* typically does not provide job applicants or employees with a copy of their consumer reports when it takes adverse action against them based on the information in such reports.

25. This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance. (Exhibit "A" – Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the Fair Credit Reporting Act) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information....").

26. ***Defendant*** had substantial notice that its failures violated the FCRA. A number of courts, including Virginia federal courts have held that § 1681b(b)(3) requires an employer who uses a consumer report in an adverse action decision process to provide the consumer her or her report and FCRA statement of rights at least five business days before beginning that process. *See e.g*. *Beverly v. Wal-Mart*, 3:07-cv-469 (E.D. Va. January 11, 2008) ("Exhibit B"); *Williams v. Telespectrum,* 3:05-cv-853, (E.D. Va. November 7, 2006); ("Exhibit C"); *Johnson v. ADP,* 768 F. Supp.2d 979 (D. MN 2011)(Exhibit "D"); *Daniel, et al v. Swift Transportation Corp,* CV-11-1548-PHX-ROS, (AZ January 9, 2012)(Exhibit "E"), *Reardon v. Closetmaid*, 2:08-cv-01730, (W.D. Pa. April 27, 2011)(Exhibit "F").

27. By failing to provide Plaintiff and other Putative Class members with copies of their consumer reports prior to taking adverse employment action against them

based on such reports, *Defendant* willfully disregarded this regulatory guidance, unanimous judicial rulings and the language of the statute in violation of 15 U.S.C. §§ 1681b(b)(3).

## CLASS ACTION ALLEGATIONS

28. Plaintiff asserts her claim in Count 1 on behalf of a putative "Adverse Action Class" initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with or through Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant, (c.) where that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

29. <u>Numerosity</u>: Upon information and belief, Plaintiff alleges that the Putative Class is so numerous that joinder of all Class members is impracticable. *Defendant* regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff has been informed and believes that during the relevant time period, hundreds or even thousands of *Defendant* employees and prospective employees satisfy the definition of the Putative Class.

30. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Putative Classes. *Defendant* typically uses consumer reports to conduct background checks on employees and prospective employees. *Defendant* typically does not provide copies of

consumer reports to employees or prospective employees before taking adverse action based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and *Defendant* treated the Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

31. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Putative Classes, and have retained counsel experienced in complex class action litigation.

32. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a. Whether *Defendant* uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether *Defendant's* policy to take adverse action against Plaintiff and other members of the Adverse Action Class on the basis of information in a consumer report, before it has provided a copy of the report to the affected persons violates the FCRA;

   c. Whether *Defendant* violations of the FCRA were willful; and

   d. The proper measure of statutory damages.

33. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because *Defendant* has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

34. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions

affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. *Defendant's* conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against *Defendant*, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against *Defendant* by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning *Defendant's* practices. Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

35. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are available from *Defendant's* records.

## COUNT ONE: FIRST CLAIM FOR RELIEF
### Failure to Provide Copy of Consumer Report and Disclosures in Violation of FCRA 15 U.S.C. § 1681b(b)(3)(A)

36. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

37. *Defendant* used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

9

38. ***Defendant*** violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them. See 15 U.S.C. § 168lb(b)(3)(A).

39. ***Defendant*** violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them at least five (5) business days before doing so. See 15 U.S.C. § 168lb(b)(3)(A).

40. ***Defendant*** willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and employees an accurate and current summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on the consumer report.

41. The foregoing violations were willful. ***Defendant*** acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 168lb(b)(3)(A).

42. Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, and punitive damages, pursuant to 15 U.S.C. § 1681n.

43. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

A. Determining that this action may proceed as a class action under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure;

B. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

C. Issuing proper notice to the Putative Class at *Defendant's* expense;

D. Declaring that *Defendant* committed multiple, separate violations of the FCRA;

E. Declaring that *Defendant* acted willfully in deliberate or reckless disregard of Plaintiff's and class member rights and its obligations under the FCRA;

F. Awarding statutory damages as provided by the FCRA;

G. Awarding punitive damages as provided by the FCRA;

H. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

I. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

**PAMELA EDWARDS**, on her own behalf and on behalf of those similarly situated

By_____
     Of Counsel

Mara McRae, Esq.
McRae Brooks Warner LLC
1175 Peachtree Street, NE
100 Colony Square, Suite 2100
Atlanta, Georgia 30361

(404) 681-0700 - Telephone
(404) 681-0780 - Facsimile

Leonard A. Bennett, VSB #37523
Susan M. Rotkis VSB 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail:   lenbennett@clalegal.com